UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XUEJIE HE,

                          Plaintiff,

                -v.-

UNITED STATES OF AMERICA, *et al.*

                          Defendants.

23 Civ. 3214 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On April 18, 2023, Plaintiff filed the Complaint in this action, asserting claims against the United States, the State of New York, the State of New Jersey, the Honorable Louis L. Stanton, the Honorable Barrington Parker, myriad other federal and state judges, a collection of New York City agencies, and a multitude of private and non-profit entities. (*See generally* Dkt. #1 ("Compl.")). Though the Complaint is broad in its allegations and its requests for relief, Plaintiff claims that this is an action "for relief from status discrimination of a victim of domestic violence" in violation of, *inter alia*, the United States Constitution, the Social Security Act, the Federal Tort Claims Act, and other common law doctrines. (Compl. p. 26). The Court understands that the gravamen of Plaintiff's Complaint stems from Plaintiff's dissatisfaction with how state and federal agencies handled and investigated her reporting of a rape and assault of her. (*Id.* pp. 26-27). Thereafter, various other governmental, private, and non-profit entities allegedly harmed Plaintiff, including by failing to treat her injuries, committing various torts and crimes, and failing to address certain housing issues. (*See generally id.*). Plaintiff

seeks judgment against "Defendants" in the form of "[a]rresting [c]riminals", "[p]unishing the [p]erjurer", and hundreds of millions of dollars in unspecified damages.  (Compl. pp. 76-78).

The vast majority of Plaintiff's Complaint is substantively identical to pleadings she previously filed in the District of New Jersey beginning on July 6, 2020.  *He* v. *United States*, No. 20 Civ. 8545 (JMV) (MF) (the "New Jersey Case").  This Court has reviewed the complaint and subsequent pleadings in the New Jersey case, and many of the allegations are exactly the same as this case.  *See* New Jersey Case, Dkt. #2 (Opinion and Order discussing Plaintiff's factual allegations, many of which are identical to those here, and dismissing Plaintiff's complaint); *id.*, Dkt. #7 (Opinion and Order dismissing Plaintiff's amended complaint on similar bases); *id.*, Dkt. #13 (Opinion and Order dismissing Plaintiff's second amended complaint).  Plaintiff appealed from the New Jersey Case orders, and the Third Circuit Court of Appeals affirmed the district court in an Opinion filed on February 25, 2022.  *Id.*, Dkt. #24.

The allegations in Plaintiff's prior complaints in the New Jersey Case appear to end at some point in 2020.  In the New Jersey Case, Plaintiff filed a "motion for joinder of claims" and apparent motion to amend adding allegations through the beginning of 2021.  *See* No. 20 Civ. 8545 (JMV) (MF), Dkt. 12. That motion was dismissed for lack of subject matter jurisdiction and failure to state a claim once again.  *Id.*, Dkt. #13.   Read liberally, the Complaint in the instant case does contain certain new allegations beginning after that time. For example, Plaintiff includes allegations regarding tickets issued to her by

various Defendants related to housing violations (Compl. p. 61); threats made against Plaintiff by her landlord (*id.* p. 62); descriptions of various court proceedings (*id.* pp. 63-65); certain other assaults committed against Plaintiff and certain agencies' handling of her complaints (*id.* p. 71); and certain employment-related issues (*id.* p. 74).

Because the vast bulk of Plaintiff's claims arise out of the same transactions and occurrences that were the subject of the New Jersey Case, they either were brought or could have been brought in that action. Thus, they are barred by the doctrines of claim and issue preclusion. Under the doctrine of claim preclusion, also known as "res judicata," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown* v. *Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc.* v. *Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis* v. *Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "[i] an earlier action resulted in an adjudication on the merits; [ii] that earlier action involved the same counterparty or those in privity with them; and [iii]

the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike* v. *Freeman*, 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB* v. *United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp.* v. *K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted). Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), a court may, on its own initiative, raise the issue, *see, e.g., Grieve* v. *Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe* v. *Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin* v. *Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise res judicata in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

To the extent that these allegations are not otherwise barred by res judicata or collateral estoppel, the Court either lacks subject matter jurisdiction pursuant to its federal question or diversity jurisdiction, or finds the claims to be frivolous or otherwise inadequately pleaded. *See* New Jersey Case, Dkt. #2 at 5-7 (discussing lack of subject matter jurisdiction over Plaintiff's claims and failure to plead constitutional or statutory violations); *id.*, Dkt. #7 at 3-8 (same); *id.*, Dkt. #13 (same). Moreover, the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" such that the Court cannot, in good-faith, find that it complies with Rule 8 of the Federal Rules of Civil Procedure as to any "new" allegations. *See, e.g., Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, as elsewhere in the Complaint, Plaintiff entirely fails to distinguish between Defendants; identify any violations of statutes or the common law; identify this Court's jurisdiction over claims; or supply sufficient factual allegations to substantiate any (possible) violations of law in portions of the Complaint that this Court could charitably characterize as "new."

To the extent these claims concern certain confusingly pleaded labor violations — either under the New York Labor Law or the Federal Labor Standards Act ("FLSA"), neither of which are mentioned in the Complaint — the Court cannot discern against whom Plaintiff is seeking relief; what involvement certain alleged agencies had; the relevant dates of employment and work associated with each employer; or how much Plaintiff was actually paid or what damages Plaintiff seeks. Moreover, the vast majority, if not all, of

these claims appear time-barred.  *Trimmer* v. *Barnes & Noble, Inc.*, 31 F. Supp. 3d 618, 627 (S.D.N.Y. 2014) (noting that claims brought under the FLSA must be brought within two years unless the plaintiff demonstrates "willfulness", in which case they must be brought within three years).

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants.  *See Grullon* v. *City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once[.]"); *see also Chavis* v. *Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'"  *McKie* v. *Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (summary order) (quoting *Cuoco* v. *Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Because of the liberality afforded to *pro se* litigants, the Court will grant Plaintiff the opportunity to amend the Complaint only as to claims that were not brought or could not have been brought in the New Jersey Case.  Plaintiff should bear in mind that this Court will dismiss an amended complaint if Plaintiff fails to comply with this Order, and decides to continue claims that were already brought in the New Jersey Case or could have been brought in that case.  Plaintiff is directed to specify (i) what claims she is asserting against specific defendants; (ii) the facts that substantiate those claims; (iii) the relief sought for those claims and against whom that relief is sought; (iv) and the basis for this Court's jurisdiction over the claims.

Accordingly, the Court **DISMISSES without prejudice** the Complaint in this case.  Plaintiff is **ORDERED** to submit an amended complaint in line with the above by **June 20, 2023**, which is sixty days from the date of this Order.  If Plaintiff fails to file an amended complaint by this date, dismissal of this case shall be with prejudice.

SO ORDERED.

Dated:   April 21, 2023
         New York, New York

KATHERINE POLK FAILLA
United States District Judge