UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEJIE HE, | |
| Plaintiff, | |
| -v.- | 23 Civ. 3214 (KPF) |
| UNITED STATES OF AMERICA, *et al.* | **ORDER** |
| Defendants. | |

KATHERINE POLK FAILLA, District Judge:

On May 5, 2023, Plaintiff filed a notice of appeal from this Court's Order of Dismissal of the Amended Complaint.  (Dkt. #7).  That same day, Plaintiff also filed a motion for reconsideration of the Order of Dismissal.  (Dkt. #8).  "Although a notice of appeal ordinarily divests a district court of jurisdiction, 'where … the notice of appeal is filed while a timely filed Rule 59(e) motion is pending, the trial court retains jurisdiction over the post-judgment motion, and the notice of appeal does not become effective until entry of an order disposing of the Rule 59(e) motion.'"  *Maksymowicz* v. *Weisman & Calderon, LLP*, No. 14 Civ. 1125 (JGK), 2014 WL 1760319, at *1 (S.D.N.Y. Feb. 2, 2014) (quoting *Basciano* v. *Lindsay*, No. 07 Civ. 421 (NGG) (RML), 2008 WL 1700442, at *1 (E.D.N.Y. Apr. 9, 2008).  Although Plaintiff's motion for reconsideration appears to have been filed *after* the notice of appeal, in light of Plaintiff's *pro se* status the Court will assume that Plaintiff intended to file the motion for reconsideration first or at a minimum concurrently with the notice of appeal.  *See, e.g., Rich* v. *Associated Brands, Inc.*, No. 08 Civ. 666S (WMS), 2009 WL

236055, at *1 (W.D.N.Y. Jan. 30, 2009) (taking similar approach in *pro se* case).

The Court construes Plaintiff's filing under Federal Rule of Civil Procedure 59(e).  Under that Rule, "[a] district court may alter or amend a judgment … only 'to correct a clear error of law or to prevent manifest injustice.'"  *Johnson* v. *ThyssenKrupp Elevator Corp.*, No. 19 Civ. 3009 (AMD) (RLM), 2019 WL 6217267, at *1 (E.D.N.Y. Nov. 15, 2019) (quoting *Munafo* v. *Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (citations omitted)).  Thus, the moving party must identify "controlling decisions or factual matters that were put before [the Court] on the underlying motion and which, if examined, might reasonably have led to a different result."  *Corines* v. *Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 593 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

Plaintiff has not met this high burden.  Alongside Plaintiff's motion, she included a declaration which states, among other points, that "[w]hat matters is that Plaintiff has the jurisdiction of the federal court and the complaint satisfies Rule 8." (Dkt. #9).  Plaintiff requests that the Court restore this case to its calendar, and also includes as exhibits proof of her payment of the filing fee as well as the Third Circuit decision that this Court discussed in its dismissal orders.  (*Id.*).  Plaintiff has not pointed the Court to any controlling issues of law or fact that it overlooked.  Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

The Clerk of Court is directed to terminate the pending motion at docket entry 8.

SO ORDERED.

Dated:   May 8, 2023
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge